Ingalls *v.* The Inhabitants of Auburn.

REUBEN INGALLS *versus* THE INHABITANTS OF AUBURN.

A highway surveyor cannot maintain an action against his town for money paid by him for labor in repairing the highways, unless he obtained written authority from the selectmen to employ the labor, although the amount of taxes assigned to his limits has not been expended, and the persons taxed neglect or refuse to pay such taxes, after due notice.

ON REPORT from *Nisi Prius*, DANFORTH, J., presiding.

ASSUMPSIT to recover money paid by the plaintiff as highway surveyor for repairing the highway in his district.

It appeared that the plaintiff expended upon the highway, in his district, a sum less than the amount of the tax bills committed to him, but greater than the amount received by him on those bills, after due notice to the persons taxed. This action was to recover the difference between the amount he paid, and the amount he received. He did not obtain the written consent of the selectmen for any expenditure.

*S. May,* for plaintiff.

*N. Morrill,* for defendants.

The opinion of the Court was drawn up by

KENT, J.—A surveyor of highways is an officer or agent of the town, created by statute, whose powers, rights and liabilities are all defined and all rest upon this written law. All the surveyors are to be chosen by the town, but the selectmen are required to assign in writing to each surveyor his division and limits, to be observed by him. The duty of the surveyor is to superintend the expenditure on the highways, so assigned, of the amount he may receive in labor or money, from the list of tax payers and the assessments on them, committed to him by the selectmen. He is not a general agent, authorized and bound to keep all highways in his district in a safe and convenient condition, and to do this at his own discretion and at an unlimited cost. His duty is limited and specific. If he fails to expend the

money and labor in his rate bills, when available, when defects require the expenditure, or fails to give notice of a deficiency to the town officers, he may be liable to indictment, instead of the town. R. S., c. 18, § 65. But he is not bound to expend his own money, or to make himself liable to others for labor done at his personal request. He is simply to use, at his best discretion, what he can obtain in labor or money from the persons named in his list. If this proves insufficient, from any cause, and the duty and interest of the town require further expenditures, it is his duty to consult the selectmen, and they may authorize him, *in writing*, to employ *inhabitants* of the town "to labor for pay," to a certain amount, § 50. The cases of *Haskell* v. *Knox*, 3 Maine, 445; *Moor* v. *Cornville*, 12 Maine, 367; *Merrill* v. *Dixfield*, 30 Maine, 157; *Field* v. *Towle*, 34 Maine, 405, all sustain these views.

The counsel for the plaintiff does not directly controvert these propositions. But he maintains that the only case, where the surveyor is obliged to, or can properly ask for the written consent of the selectmen, is where the sum *appropriated* is *not* sufficient to repair the ways in the district; that where the expenditures are within the sum total of the list given to him, he may recover of the town for wages of labor employed by him. His view seems to be, that the surveyor has unlimited authority to expend on the ways *the sum named* in his list, and if, after notice to those named, he fails to obtain labor or money equal to the sum so named, he may employ others at his own pleasure to supply the deficiency, and himself recover for such labor in *assumpsit* against the town. He admits that when the *appropriation* proves insufficient, and the surveyor has no funds, he cannot expend anything without the written consent of the selectmen, however urgent the necessity. But he insists that the surveyor has the right to expend all the sum named, without consulting the selectmen, and, if he cannot obtain it on his bills, to employ others. The fallacy of this argument is to be found in the assumption that the surveyor has

a *quasi* vested right to expend a certain sum of money or labor, and that he may be held liable to the town or the public if he fails so to do.

But the surveyor has no such rights and is under no such liabilities, as before stated. He is bound to give notice to each person to furnish labor or materials at a time named, according to the vote of the town, and at prices fixed by the town. There is no law which compels a man thus notified to appear and work. He may decline or neglect so to do. If he does so neglect, the sum assessed on him, in labor, is to be put into his cash tax of the next year. The counsel puts the case of a refusal by every person named to work on the highways — and asks what is the surveyor to do? We answer, that he is not bound and has no right of his own motion to employ others to supply the place of the delinquents. He should apply to the selectmen, and, if they refuse to give any written consent for him to employ laborers, he has done his duty, and the town alone is responsible for the results from any neglect to repair defects. We do not see any reason why the selectmen might not properly regard this as a case where " the sum appropriated is not sufficient to repair the ways in the surveyor's district."

And the same rule might apply when the deficiency by neglect is partial. The object of the statute is to enable citizens to work out their highway taxes. Ordinarily this is found sufficient to keep the ways in a safe condition. If, from any cause, it proves insufficient, the law requires the surveyor to apply to the municipal officers and obtain their written consent, before proceeding to expend money. The statute has been amended since its first enactment, by the addition of the requirement that the consent should be *in writing*, thus plainly showing a purpose to restrain, instead of extending the authority of highway surveyors in this matter.

In this case, the plaintiff admits that he does not bring himself within the provisions of § 30. There is no other section which gives him authority to expend anything, which

he does not obtain as payment or performance on his bills, without the written assent of the selectmen.

The subsequent vote of the town, by which the plaintiff was "allowed to collect the unpaid taxes in his hands, for the amount expended by him on the highways more than he has collected," cannot be construed into a promise to pay that amount from the town treasury. It simply gives the assent of the town to his obtaining what he can from the lists in his hands. It does not even do, what perhaps equity might dictate, promise to allow and pay over what the town might receive from the cash tax of the next year, assessed on delinquents in his lists.

We can find no ground on which this action can be sustained.                                     *Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, DAVIS and DICKERSON, JJ., concurred.